```
 1   LAW OFFICE OF RICHARD W. SNYDER
 2   RICHARD W. SNYDER, ESQ., State Bar # 183570
     131 N. Tustin Ave., Suite 200
 3   Tustin, CA 92780
     (714) 505-7585
 4
 5   Attorney for Movant
 6   DEARDEN'S
```



**FILED & ENTERED**

**AUG 08 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT    CHANGES MADE BY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re: | ) Case No.: 2:17-16045RK |
|---|---|
| FRANCISCO RAFAEL GOMEZ-ABURTO | ) CHAPTER 7 |
| | ) |
| | ) ORDER ON DEARDEN'S MOTION |
| | ) FOR ORDER AUTHORIZING |
| Debtor(s), | ) DEBTOR EXAMINATION AND |
| | ) PRODUCTION OF DOCUMENTS |
| | ) UNDER BANKRUPTCY RULE 2004 |
| | ) |
| | ) ~~Date:  08/25/2017~~ |
| | ) ~~Time:  11:30AM~~ |
| | ) ~~Place: 131 N TUSTIN AVE~~ |
| | )         ~~SUITE 200~~ |
| | )         ~~TUSTIN CA 92780~~ |

   Having considered the motion of Dearden's ("Movant") to examine the above-named Debtor under Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1 and 9013-1(p), the court orders that the Motion is DENIED WITHOUT PREJUDICE for failure to comply with the pre-filing conference requirement of Local Bankruptcy Rule 2004-1(a) in good faith by denying Debtor represented by counsel an adequate opportunity to respond to Movant's July 28, 2017 letter to arrange for a mutually agreeable date, time, place and scope of examination

and production.  Richard W. Snyder, of Law Office of Richard W. Snyder, represents Movant.

Movant did not attempt to meet and confer in good faith before filing the Motion as required by Local Bankruptcy Rule 2004-1(a).  On July 31, 2017, Movant faxed a letter to Debtor's counsel, Michael Colmenares, dated July 28, 2017 as its attempt to arrange for a mutually agreeable date, time, place and scope of an examination and/or production under Local Bankruptcy Rule 2004.  Pursuant to Movant's counsel's letter, Debtor's counsel had four days to respond by contacting Movant's counsel before Movant would file its Rule 2004 examination motion.  Movant filed its Rule 2004 examination motion on August 3, 2017, only three days before filing the motion, not four days, as represented in the letter.  Federal Rule of Bankruptcy Procedure 9006(a)(1)(A) excludes the day of the event that triggers the period.  Nothing in Movant's papers shows that Movant's counsel made any other attempt to call or otherwise contact Debtor's counsel.  Movant's counsel's effort, or lack of effort, to comply with the prefiling conference requirement of Local Bankruptcy Rule 2004-1(a) consisting only of a faxed demand letter without any attempt to contact Debtor's counsel by telephone, and then shorting the time for response by Debtor, is not in good faith.

Accordingly, the above named Debtor is **NOT** ordered to appear before Movant's attorney, Mr. Snyder, at his office at 131 N. Tustin Ave., Suite 200, Tustin, CA 92780, on August 25, 2017 at 11:30 a.m.  **The examination is cancelled by this order**.

However, Debtor is advised that the examination may be rescheduled and ordered if Movant follows the proper procedures under Local Bankruptcy Rules 2004-1 and 9013-1(p) and promptly submits a proposed order for examination once it files and

serves a new motion for examination of Debtor under these rules, so that the court can issue an order for examination if the new motion is granted, which will provide reasonable advance notice to Debtor to appear for examination.

Meanwhile, by this order, Movant's motion for examination of Debtor is DENIED WITHOUT PREJUDICE, Debtor need not appear before Movant's attorney on August 25, 2017, and Movant is admonished to follow the correct rules and procedures in bringing motions for Rule 2004 examination.  For any future Rule 2004 motion in this case, Movant must fax, email and call opposing counsel in order to set a date and time of a prefiling conference that is convenient for all parties, and must give Debtor and his counsel at least one week's time for response to avoid any recurring problem with short notice, and the court will not approve any examination order without complying with these requirements.

IT IS SO ORDERED.

###

Date: August 8, 2017

_____
Robert Kwan
United States Bankruptcy Judge